RACHAEL KIERYCH (RK1339)
Attorney at Law
305 Broadway, 7th FL
New York, NY 10007
Tel. (646) 960-9039
rachael@rkgroup.law

*Counsel for Plaintiff-Creditor Elliot Justin, M.D.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X

IN RE:

    JULIAN ENDER DE FLANDRES ,

              Debtor

Bankruptcy Case No. 24-11100-pb

(Chapter 7)

ELLIOT JUSTIN, MD,

              Plaintiff,

Adversary Proceeding
Case No. 24-

    vs.

JULIAN ENDER DE FLANDRES ,

              Defendant.

**COMPLAINT TO DENY DEBTOR'S DISCHARGE**
**PURSUANT TO 11 U.S.C. § 727**

      Elliot Justin, MD, a creditor and party in interest in this chapter 7 bankruptcy case (the "Plaintiff"), by and through his attorney, Rachael Kierych Attorney at Law, respectfully submits this as and for his complaint (the "Complaint") against Julian Ender De Flandres, the debtor and the defendant (the "Debtor" and/or the "Defendant") seeking a determination that this Debtor should not be granted a discharge pursuant to section 727(a)(4)(A) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and states as follows:

1

## THE PARTIES

1. Elliot Justin, MD is a creditor of Debtor's estate and the Plaintiff herein.

2. Julian Ender De Flandres is the Debtor in the chapter 7 case and the Defendant herein.

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(I) and (J).

4. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York and is a "core proceeding" as the term is defined in 28 U.S.C. §157(a), (b)(1), (b)(2)(I) and (J); 11 U.S.C. §105, 727(a)(4)(A) and Bankruptcy Rules 7001 *et. seq*.

5. In the event that this Court determines that this cause of action, alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## STATEMENT OF FACTS

6. The Debtor filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code on June 21, 2024, (the "Petition Date").

7. Pursuant to an Order dated November 8, 2024, the Court set December 6, 2024, as the last day by which Plaintiff Elliot Justin could object to Defendant's Chapter 7 discharge.

8. Upon information and belief, and based upon a review of publicly available documents, Defendant is a software developer.

9. The Defendant currently resides with a "roommate" in a one bedroom / one bath apartment located at 180 Riverside Boulevard, Apartment 507, New York, NY (the "Residence").

10. The Defendant, represented by experienced bankruptcy counsel, filed petition for relief pursuant to chapter 7 and filed a petition and schedules, sworn under penalty of perjury.

11. The Defendant testified to the truth of the statements in the petition and schedules at a section 341 meeting of creditors conducted by Kenneth Silverman, the trustee (the "Trustee") held on August 6, 2024.

12. The Defendant stated in Part 6, question 16a of his chapter 7 petition that his debts are primarily consumer debts as defined in 11 U.S.C. § 101(8) as incurred by an individual primarily for personal, family, or household purpose.

13. Plaintiff is Defendant's largest creditor and is owed $95,568.25 for a judgment (the "Judgment") obtained after Defendant defaulted on a business-related loan.

14. Shortly before the Petition Date, Defendant threatened Plaintiff that he would file for chapter 7 bankruptcy if Plaintiff continued his attempts to collect the Judgement.

15. Shortly before the Petition Date, Defendant also threatened Plaintiff that he would expose certain personal matters about Plaintiff if Plaintiff continued his attempts to collect the Judgment.

16. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 7 that he does not own any electronics.

17. The Defendant stated in a New York Post article post-dating his chapter 7 petition that a group of children attempted to steal his cell phone.

18. The New York Post article also describes Defendant as a software developer.

19. Documents provided by Defendant's counsel in the chapter 7 proceeding reflect that Defendant pays monthly dues for software programming related platforms.

20. However, Defendant's Schedule A/B of his chapter 7 petition does not declare ownership of any electronics such as a cell phone or computer.

21. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 11 that he owned clothes with a value of $50.00.

22. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 16 that he had $63.50 on the Petition Date.

23. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 17 that he had a bank account at Chase and further stated the account had $0.00 in deposits.

24. In the 90 days preceding Defendant's chapter 7 petition, he received approximately $4,500 in deposits to his Chase account.

25. The Defendant stated in Schedule I of his petition that he is unemployed and that there was no "Debtor 2 or non-filing spouse."

26. The Defendant stated in Schedule I at question no. 11 that he receives the sum of $193.00 per month from "Mother's contribution."

27. The Defendant stated in Schedule J at question no. 4 that he does not have any rental expense for his Residence.

28. Zillow estimates that the rent at the Residence is $4,236.00.

29. The Defendant's affidavit dated October 2, 2024 filed in the Chapter 7 proceeding states that he is "living at a friend's apartment and am not on the lease. I have not been able to contribute towards that rent and my financial situation is not getting any better."

30. The Defendant stated in Schedule J at question no. 7 that he incurred a monthly expense in the amount of $200.00 in connection with food and housekeeping expenses.

31. The Defendant stated in Schedule J at question no. 9 that he incurred a monthly expense in the amount of $50.00 for clothing, laundry and dry cleaning.

32. The Defendant stated in Schedule J at question no. 10 that he incurred a monthly expense in the amount of $20.00 for personal care products and services.

33. The Defendant stated in Schedule J at question no. 12 that he incurred a monthly expense in the amount of $40.00 for transportation expenses.

34. The Defendant stated in Schedule J at question no. 13 that he did not incur a monthly expense for entertainment, clubs, recreation, newspapers, magazines and books.

35. The Defendant's bank statements show charges for Electric Daisy Carnival in Las Vegas within 90 days pre and post the Petition Date.

36. The Defendant stated in Schedule J at question no. 23b that his monthly expenses totaled $310.00.

37. The Defendant's petition included his counsel's statement pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, that he was paid the sum of $2,500.00 in connection with representing the Defendant in the bankruptcy case. Defendant's counsel further disclosed the source of compensation paid to him was from the Defendant.

38. The Defendant's Official Form 122A-1 (Chapter 7 Statement of Your Current Monthly Income) (the "Means Test") stated no presumption of abuse.

39. The Defendant's Means Test stated a household size of "1."

40. The Defendant's Means Test stated $193.00 income from any source.

41. The Defendant's Means Test at question no. 4 which requires disclosure of "all amounts from any source which are regularly paid for household expenses of you or your dependents, including child support" which also demands that the Defendant disclose "regular

contributions from an unmarried partner" stated $193.00 as funds received from Defendant's mother.

42. The Defendant's Mean Test "Column B" is blank.

43. Defendant's counsel has represented that "the debtors roommate, friends and mother have been providing groceries and other living expenses."

44. The Defendant's Means Test does not accurately set forth the number of persons residing in the household.

45. The Defendant's Means Test fails to disclose household income and therefore is false.

46. While the word "household" is not defined in the Bankruptcy Code, the Court should look to the meaning which is made plain from the statutory language.

47. Whether the Court adopts the "heads on beds" approach or the "Economic Unit Approach" the Defendant's Means Test is false.

## AS AND FOR THE FIRST CAUSE OF ACTION

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47" as if each were more fully set forth herein.

49. Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

50. The Defendant signed the petition and schedules and swore to the truthfulness and completeness of the information contained therein.

51. The Defendant failed to truthfully disclose his assets.

52. The Defendant's petition and schedules contain materially false and misleading statements.

53. The Defendant made a false oath or account each time he swore to the truthfulness of his petition and schedules.

54. Accordingly, the Defendant's discharge must be denied pursuant to section 727(a)(4)(A) of the Bankruptcy Code.

WHEREFORE, Elliot Justin MD respectfully seeks entry of judgment against Defendant denying discharge for the reasons set forth herein together with such other and further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: December 5, 2024

Respectfully submitted,

By: *Rachael Kierych*
Rachael Kierych, Esq.
Attorney at Law
305 Broadway, 7th Floor
New York, NY 10007
rachael@rkgroup.law
(646) 960-9039
*Attorney for Creditor Elliot Justin, MD*